### Glasgow and Another *v.* Hobbs and Another.

CONTRACT.—*Consideration.*—Upon the dissolution of a firm, consisting of A., B., and C., of whom B. and C. also constituted another firm which continued after the dissolution of the former, it was agreed between A. and the firm of B. and C. that said continuing firm should pay a certain indebtedness on account against the firm so dissolved, and that A. should thereupon pay his portion thereof to the firm of B. and C. The creditor being advised of the arrangement, afterwards informed A. that it had been consummated by the giving of the note of the firm of B. and C. to said creditor for the amount of said indebtedness; and A. paid the firm of B. and C., according to said agreement.

*Held*, in a suit by the creditor against all the members of the late firm, upon said account, that there was a sufficient consideration for the agreement of the creditor to accept the note of the continuing firm.

APPEAL from the Ripley Common Pleas.

FRAZER, C. J.—This suit was by the appellees against James L. Yater, Abraham Yater, and the appellants, Glasgow and Harding, partners under the style of "Yater, Bro. & Co.," upon an account for goods sold and delivered. The

appellants answered that the account was adjusted and satisfied by agreement, by the delivery to, and acceptance by, the plaintiffs of the promissory note of " Yater & Brother," another firm, after the dissolution of the firm originally indebted, and which note was taken by the plaintiffs by express agreement in satisfaction, and was by such agreement to discharge the appellants, Glasgow and Harding, from liability. The reply was a general denial.

On the trial, the appellants, after proving that there were two firms, " Yater, Bro. & Co.," composed as alleged in the answer, and " Yater & Bro.," composed of said James L. and Abraham Yater, and that the former firm was dissolved, but the latter firm continued afterwards, offered to prove that on the dissolution it was agreed between the appellants and the firm of " Yater & Brother," that the latter should pay the demand of the plaintiffs, and that the appellants should thereupon pay their proportions thereof to " Yater & Brother;" that the plaintiffs were advised of the arrangement; that the plaintiffs afterwards informed Glasgow and Harding, the appellants, that the arrangement had been consummated between " Yater & Bro." and the plaintiffs by giving the note of the former; and that the appellants paid " Yater & Bro." according to agreement. The evidence thus offered was excluded.

We have no brief for the appellees advising us of the ground relied on to maintain this action of the court below. The bill of exceptions, however, informs us that the objection to the evidence made by counsel at the time was, that there was no consideration to support an agreement of the plaintiffs to accept " Yater & Bro.'s " note, inasmuch as the members of that firm were bound before making the note. This objection is certainly untenable. Though the plaintiffs would possibly be in no better condition after than before making the arrangement, yet the agreement of the appellants to pay " Yater & Bro." for assuming the whole liability, and its subsequent performance, was a sufficient consideration. An inconvenience to the promisee constitutes

a consideration to support a contract quite as effectual as a benefit to the promisor, it seems to us. And, indeed, no reason occurs to us sufficient in law to exclude the evidence.

Reversed, with costs; cause remanded for a new trial.

*J. W. Gordon, W. March,* and *J. O. Cravens,* for appellants.

*H. W. Harrington,* for appellees.