## JEWETT ET AL. *v.* PLEAK ET AL.

CONTRACT.—*Novation.*—If A. takes the note of B. for the debt of C., it is an extinguishment of the debt of C. if so agreed by the parties.

PRACTICE.—*Bill of Exceptions.*—The action of a court in ruling upon a motion for a new trial, for reasons relating to evidence improperly admitted or rejected, newly-discovered evidence, or the weight and legal effect of evidence, is not properly presented for review unless the evidence is in the record by a bill of exceptions.

From the Decatur Circuit Court.

*J. Gavin,* for appellants.

*W. Cumback, S. A. Bonner, J. S. Scobey,* and *O. B. Scobey,* for appellees.

PETTIT, J.—This suit was brought by the appellants, Jewett and eleven others, against Preston Jones, Joseph D. Pleak, Edmund Marshall, George W. Hungate, and Andrew J. Hungate. The questions in the case here, however, only affect and are solely between the appellants who were plaintiffs below and the appellees, Pleak and Marshall, who were two of the defendants below. The transaction set out and

complained of in this case took place when there was not a bankrupt law of the United States in force, and when there was no law of the State forbidding a debtor in failing circumstances honestly to make an assignment for the benefit of preferred creditors.

The complaint, in substance, alleges that Preston Jones and Andrew J. Hungate were the owners of a large amount of property, both real and personal; that they had been extensive dealers and were in failing circumstances; that they made an assignment of all their property, real and personal, to Pleak and Marshall to pay preferred creditors fifty cents on the dollar, and other creditors thirty-three and one-third cents on the dollar; that at the date of the assignment the plaintiffs had legal claims against Jones and Hungate, and that subsequent to the assignment they severally put their claims into judgments and had not been able to collect the several amounts, though they had resorted to executions, etc., and praying that the assignment be held fraudulent and void, and that the property assigned be held liable for, and made applicable to, the payment of the judgments of the several plaintiffs, etc.

Omitting to notice a demurrer to this complaint and a motion to strike out many exhibits filed with it which were not properly parts thereof, we will pass to the real questions presented.

The answer of Pleak and Marshall, the assignees, was in four paragraphs; 1st. General denial. 2d. Payment of the plaintiffs' claims. " 3d. That heretofore, to wit, before the commencement of this action, they had a general accounting and settlement with each of said plaintiffs, wherein the matters in controversy were duly considered and ascertained, and thereupon they executed their notes to each of the plaintiffs for an amount agreed upon, which said notes were by them severally received in full satisfaction of their individual claims mentioned in the complaint." The fourth paragraph of the answer is very long, reciting at great length,

Jewett *et al. v.* Pleak *et al.*

and with great particularity, all the transactions and history of the case, and concludes as follows : " That the purchase of all of said assets by them was made in good faith on their part and was an absolute and unconditional purchase, and without any intent to defraud any of the other creditors of said Jones, or Jones and Hungate, and that said purchase was made for a valuable consideration, and for more than the actual worth of said assets." A demurrer to the third and fourth paragraphs of the answer, for want of sufficient facts, was overruled, and this ruling is assigned for error.

We hold that this ruling was not erroneous. The taking of a note of a third party is an extinguishment of the existing debt if so agreed by the parties. *Tyner* v. *Stoops*, 11 Ind. 22; *Stevens* v. *Anderson*, 30 Ind. 391; *Booth* v. *Smith*, 3 Wend. 66; *Boyd* v. *Hitchcock*, 20 Johns. 76; *Sheehy* v. *Mandeville*, 6 Cranch, 253–264; *Hughes* v. *Wheeler*, 8 Cowen, 77; *Tilford* v. *Roberts*, 8 Ind. 254. The authorities we have above cited principally relate to the sufficiency of the third paragraph, but we are fully satisfied that the fourth paragraph of the answer is also good. A reply of general denial was filed to these paragraphs of the answer; trial by the court, finding for the defendants. Motion for a new trial, for the reasons: " 1. The finding of the court is contrary to law. 2. The finding of the court is contrary to evidence. 3. The court erred in the admission of evidence. 4. The court erred in refusing to admit proper and competent evidence offered by the plaintiffs. 5. Newly-discovered evidence material for the parties applying, which they could not with reasonable diligence have discovered and produced at the trial. 6. That the court improperly considered the deposition of George W. Sidner, when it was not admitted in evidence." This motion was properly overruled, as we are bound to suppose and hold, as there is no bill of exceptions legally or properly in the record before us.

The case was tried, and final judgment was rendered, at the July term, 1869. No time was asked or given to file a bill of exceptions after the term. The bill of exceptions was

signed by the judge, and filed in the clerk's office, after the term at which the judgment was rendered. We cannot, therefore, consider any question arising or supposed to arise under it. This question has been so often decided by this court that we need not cite the cases.

The judgment is affirmed, at the costs of the appellants.