## CLARK ET AL. v. BILLINGS.

PROMISSORY NOTE.—*Dissolution of Partnership.*—*Assumption of Firm Debts by Remaining Partner.*—*Pleading.*—In an action on a promissory note, executed by a partnership, an answer by one of the partners, that, with the consent of the plaintiff, he had retired from the partnership, and transferred his interest in the partnership goods to the remaining partner, who had assumed the debts of the partnership, is insufficient.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellants.

*J. Stafford,* for appellee.

BIDDLE, C. J.—Complaint on a promissory note, by the appellee, against the appellants, Joshua J. Clark and James L. Clark.

The note is executed by the appellants, and made payable to the appellee.

Answer by James L. Clark, that, on the 8th day of February, 1872, he and his co-defendant, Joshua J. Clark, were partners in the retail dry goods business, in the town of Noblesville, and, as such partners, were the owners of a large stock of goods used in their business; that shortly after the execution and delivery of said note to plaintiff, the partnership between said defendants, by mutual consent, was dissolved, this defendant retiring therefrom, and Joshua J. Clark continued said business, and assumed the payment of all the indebtedness of said firm, amongst which the note sued on was included; that the plaintiff consented to said arrangement, adopted and ratified the agreement thus made, and agreed to look to, and take him, the said Joshua J. Clark, for the payment of the note sued on; that, pursuant to said agreement, this defendant surrendered and turned over to Joshua J. Clark all his interest in and to said stock of goods, as partner aforesaid; that Joshua J. Clark, in pursuance of said agreement, took complete and exclusive possession of said stock of goods, and became paymaster of said note to

said plaintiff; that Joshua J. Clark is insolvent, and has filed his voluntary petition in bankruptcy. Wherefore, etc.

To this answer the plaintiff demurred, upon the ground that the facts alleged did not constitute a sufficient answer to the complaint.

The court sustained the demurrer, and the defendant James L. Clark reserved his exceptions to the ruling, and assigned it as error in this court.

This presents the only question in the case.

The answer is insufficient.

There are cases, such as, if James L. Clark owed the plaintiff, and Joshua J. Clark owed James L. Clark, and the three mutually agreed that Joshua J. Clark should pay the debt which James L. Clark owed the plaintiff, in discharge of the debt which Joshua J. Clark owed to James L. Clark, which have been held to be valid contracts; but we know of no case wherein the promise of one co-obligor, without a new consideration, to pay the obligee the debt, in discharge of another co-obligor, has been held a good novation; and, in this case, even the promise of Joshua J. Clark to the plaintiff to pay the note, in discharge of James L. Clark, is not alleged. The payee received no new consideration. He could not be supposed to take the verbal promise of one of the payees in discharge of the other, when both, and each of them, were already bound to pay him the entire amount of the note. In every novation there are four essential requisites: First, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract; and, fourth, the validity of the new one.

The answer before us does not aver facts which constitute either the second, third or fourth requisites. Bouvier Dict.; *Morris* v. *Whitmore*, 27 Ind. 418; *Glasgow* v. *Hobbs*, 32 Ind. 440; *Jewett* v. *Pleak*, 43 Ind. 368; *Crim* v. *Fitch*, 53 Ind. 214.

The court did not err in sustaining the demurrer.

The judgment is affirmed, at the costs of the appellant.