Rusk, Administrator, *v.* Gray *et al.* .

No. 9434.

### Rusk, Administrator, *v.* Gray et al.

Promissory Note.—*Partnership.—Release of Partner.—Consideration.—Verdict.—Special Findings.*—A. held a note against B. and two others, who were his co-partners, and it was agreed by all that, in consideration of the transfer by B. to the other partners, of all his interest in certain partnership property, the latter would pay the note, and A. would look to them exclusively.

*Held*, that there was a sufficient consideration for A.'s agreement, and that it operated as a release of B.

*Held*, also, that a general verdict for B. (in a suit on the note, where such agreement was pleaded) was not overruled by a special finding that "the only consideration for the release of B. was the transfer by B. of the partnership property to his partners."

From the Montgomery Circuit Court.

*T. H. Ristine, B. T. Ristine, P. S. Kennedy* and *W. T. Brush,* for appellant.

*A. D. Thomas* and *H. M. Billings,* for appellees.

· BICKNELL, C. C.—Sanford Gray, Benjamin Gray and William Rider were partners, under the firm of Gray, Rider & Co.; Elijah Hall held their note.

The appellant, as administrator of Hall, brought this suit against the appellees as makers of the note.

The defendant Rider appeared and answered separately; the other defendants were defaulted.

Issues were joined upon replies, and were tried by a jury, who found for the defendant.

The plaintiff moved for judgment, notwithstanding the verdict, upon special findings of the jury in answer to interrogatories; this motion was overruled by the court; judgment was rendered upon the verdict, and the plaintiff appealed.

The only error assigned is, overruling the appellant's motion for judgment in his favor on the special findings of the jury.

The defendant's answer was in two paragraphs.

The first paragraph stated, that before the note was due he and his partners dissolved their partnership; that at the time of the dissolution his partners agreed with him and Hall, that in consideration of defendant turning over to his partners a sufficient amount of firm property to pay said note, they would assume said note, and that said Hall then and there, in consideration of the foregoing facts, agreed with defendant and the other partners to release defendant from further liability on said note; that thereupon defendant turned over to his partners enough of the firm property to pay said note, which they received, and agreed to pay the note, with the full knowledge and consent of said Hall; and that afterwards said Hall surrendered said note to defendant, that he might exchange it for the note of his partners, but before said exchange was made Hall died, and the note was given up to his administrator.

The second paragraph of answer averred a dissolution of the partnership before the maturity of the note, and that, at or about the time of the dissolution, Hall and the defendant's partners agreed with defendant, that if he would turn over to his partners his interest in certain personal property and real estate of said firm, then said partners would assume and pay said note, and said Hall would release the defendant from liability, and would look for payment thereof to the other partners alone; that, in pursuance of said agreement, said defendant did turn over to his partners a large amount of personal property belonging to said firm, and also his interest in said real estate.

It was decided in *Hinkle* v. *Reid*, 43 Ind. 390, that an agreement between partners that one should take all the firm property, and in consideration thereof should pay all the firm debts, was valid, and that if the partner so taking the property should fail to pay the debts, and the other partner should be compelled to pay them, he might recover from the former the amount so paid.

The said second paragraph of answer, therefore, shows a valid agreement between Rider and his partners.

It also shows that Hall, the creditor, was a party to the agreement, and that a part of the consideration moving to Rider was the agreement of Hall to release him and rely on his partners.

But the appellant says there was no consideration for Hall's agreement.

There is no consideration where, upon a claim against three, two of them, already liable, agree again to pay it.

And where there is a claim against three, and they have joint property, it is no advantage to the creditor that the interest of one of the three in such joint property is transferred to the other two. *Clark* v. *Billings*, 59 Ind. 508; *Fensler* v. *Prather*, 43 Ind. 119.

But the consideration of a promise may be either an ad-

vantage to the promisor or an inconvenience or detriment to the promisee. *Glasgow* v. *Hobbs*, 32 Ind. 440.

In the case shown by the aforesaid second paragraph of answer, although it was of no benefit to Hall to have Rider's interest in the firm property transferred to his part rs, yet it was an inconvenience to Rider to make 'he transfer, and it was a detriment to him to lose his interest in and custody and control of the firm property; the answer avers that this was part of the consideration for which Hall agreed to release Rider.

The agreement set up in the second paragraph of the answer is, therefore, valid as to Hall, and is quite different from the cases presented in *Clark* v. *Billings, supra,* and *Fensler* v. *Prather, supra.* In each of those cases the answer showed that the agreement between the partners was made without the participation of the creditor, and was afterwards assented to by the creditor, without consideration. In the case at bar the replies were general denials.

The general verdict for the defendant shows that the answers were substantially proved.

It is well understood that all the legal presumptions are in favor of the general verdict, and that the special findings upon interrogatories can not control the general verdict, unless irreconcilable therewith.

Here, the general verdict finds, in substance, that at or about the time the firm was dissolved, there was an agreement between the creditor and the three partners, by virtue of which Rider conveyed to the other two partners all his interest in certain personal and real property of the firm, and in consideration thereof the said other two assumed to pay the creditor, and the creditor agreed to look to them only and release Rider.

The answers to the interrogatories are, that the only consideration for such release was the transfer by Rider to his partners of his interest in the firm property.

These answers are not inconsistent with the general ver-

·dict. The general verdict prevails, if there could have been under the issues proof of facts, not inconsistent with those specially found, sufficient to reconcile the general verdict with the 'special answers. *Stevens* v. *City of Logansport*, 76 Ind. 498. The " transfer " mentioned in the special findings meaﬔ the t ansfer stated in the defendant's answer, a transfer founded upoﬔ aﬔd made in consideration of the creditor's agreement to look to the other partners for his debt and not to Ryder. If the transfer was proved as stated in the second ·paragraph of the defendant's answer, it was a valid consid·eration for the creditor's promise. The presumption is it was so proved.

The court committed no error in overruling the appellant's motion for jrdgment upon the special findings, notwithstanding the verdict. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing ·opinion, that the judgment of the court below be and it is hereby in all thing affirmed, at the costs of the appellant.