Filed March 9, 1886.

---

No. 12,330.

## HUNT v. DEDERICK ET AL.

CONTRACT.—*Agreement to Release Maker of Note.*—*Consideration.*—Where one parts with valuable property on the faith of an agreement by the payee of a promissory note, that if he does so the latter will release him therefrom, it is a sufficient consideration to uphold the agreement, although no benefit results to such payee.

From the Ohio Circuit Court.

*J. B. Coles,* for appellant.

ELLIOTT, J.—The complaint of the appellees is based on three promissory notes, executed by the appellant and Lewis T. Cooper to Erastus S. Downey and by him endorsed to the appellees.

There are two paragraphs of the answer, but they are substantially alike, and we need give a synopsis of only one of them. The answer admits the execution of the promissory notes sued on, and contains these allegations: That the consideration for the notes was the sale and delivery of one "Dederick Hay Press" by Downey to the appellant and Cooper, as partners; that it was agreed by them that the appellant should transfer to Cooper his undivided interest in the press provided the owner and holder of the notes would release the appellant from all liability thereon, and look solely to Cooper for payment; that, in October, 1882, while the notes were still owned by Downey, and before the endorsement to the appellees, the appellant met Downey, stated to him the agreement that he, the appellant, had made with Cooper; that Downey then released the appellant from all liability on the notes, and agreed to accept Cooper as payor, "in consideration that the defendant should release and transfer his interest in said property to Cooper; that Cooper then assumed and agreed to pay the notes in full under the contract; that Downey then stated that he did not have the notes with him, and could not at that time take the defendant's name off;" that, relying on the contract with Downey, and "in consideration thereof, the defendant released and transferred his interest in said property, of the value of two hundred and fifty dollars, to Cooper, and delivered the same into his exclusive possession and ownership, without requiring security or indemnity from him."

The trial court erred in sustaining the demurrer to the answer.

The consideration for Downey's contract was not a past or executed one, for the agreement with Cooper was that if

Hunt *v.* Dederick *et al.*

Downey would release the defendant from liability, then the latter would transfer his interest in the property for which the notes were given to his partner, Cooper. Where a party agrees to transfer property to a third person, in consideration that the holder of the notes given for the property will release the maker of the notes from all liability, and look to the person to whom the property is transferred for payment, the consideration for such an agreement is not an executed one. If, in this instance, the agreement between Cooper and the appellant had been made prior to Downey's agreement to release the latter, and the property had been previously transferred, it might be said that Downey's agreement rested on a past consideration.

There was a valid consideration for Downey's agreement to release the appellant from liability on the notes and accept his partner, Cooper, as the sole payor. On the faith of the agreement made by Downey, the appellant parted with property of the value of two hundred and fifty dollars, and this was a sufficient consideration although no benefit resulted to Downey. The rule is thus stated by a writer of recognized authority: "It is sufficient, if there be any damage or detriment to the plaintiff, though no actual benefit accrue to the party undertaking." Addison Cont., page 6. It is hardly necessary to cite authorities upon this question, but we refer to a few of our own cases. *Strosser* v. *City of Fort Wayne*, 100 Ind. 443, *vide* p. 447; *Pitcher* v. *Dove*, 99 Ind. 175, *vide* p. 179; *Shade* v. *Creviston*, 93 Ind. 591, *vide* p. 595; *Glasgow* v. *Hobbs*, 32 Ind. 440; *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16).

There is enough in the answers to drive the appellees to a reply.

Judgment reversed.

Filed March 12, 1886.