SPYCHER, Respondent, vs. WERNER, imp., Appellant.

*September 11 — September 24, 1889.*

*Contracts: Novation: Mortgages: Minors.*

1. To constitute a novation the new contract substituted for an old one must be a valid contract on which the creditor can have his remedy.
2. Thus, an agreement by a mortgagee to accept a minor as his debtor instead of the mortgagor, in pursuance of which the mortgaged property is conveyed to such minor in satisfaction of a debt of the mortgagor to her, she not assuming the mortgage and the conveyance not being made subject thereto, is not a valid novation and does not discharge the mortgagor or release the mortgaged premises.

APPEAL from the Superior Court of *Milwaukee* County. The case is sufficiently stated in the opinion. The defendant *Dora F. Werner* appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *F. P. Hopkins*, her guardian *ad litem*, and *H. A. Wambold*, of counsel, and oral argument by *Mr. Wambold*. They contended, *inter alia*, that the facts stated in the answer show that there was a perfect contract of novation between the plaintiff, Fred. H. Werner, and the appellant, whereby the appellant was substituted as plaintiff's debtor and Fred. H. Werner was discharged. *Lynch v. Austin*, 51 Wis. 287–9; *Cotterill v. Stevens*, 10 id. 422; *Cook v. Barrett*, 15 id. 596; *Hoile v. Bailey*, 58 id. 434; *York v. Orton*, 65 id. 6; *Heaton v. Angier*, 23 Am. Dec. 353; Browne on Stat. of Frauds, secs. 166–166*b;* Bishop on Cont. (Enl. ed.), sec. 1263. Any security for the payment of the debt that the plaintiff may have had after this arrangement has not been security given by Fred. H. Werner but given by plaintiff's debtor, the appellant; and the appellant having been a minor when the no-

vation was made, and still being one, has all of the rights of an infant debtor and mortgagee.

For the respondent there was a brief by *Nath. Pereles & Sons*, and oral argument by *J. M. Pereles*.

ORTON, J. This action was brought to foreclose a mortgage given by the defendant Frederick H. Werner to the plaintiff, to secure a note for $700, and interest, given at the same time by said mortgagor to said mortgagee. The said Frederick H. Werner made default; but the said appellant, *Dora F. Werner*, an infant under the age of twenty-one years, appeared by guardian *ad litem*, and answered substantially as follows: "That the defendant Frederick was indebted to her in the sum of $1,000, and that in consideration thereof he conveyed the mortgaged premises to her, after said note and mortgage were given, and that the plaintiff agreed "to take and hold this defendant *(Dora)* as his debtor for the $700 to secure the payment of which the said note and mortgage were given," and discharge the defendant Frederick from said indebtedness. These facts the appellant offered to prove, but such offer was rejected by the court.

It is contended by the learned counsel of the appellant that these facts constituted a *novation*, by which the indebtedness of said mortgagor, Frederick, was discharged, and, if the indebtedness was discharged, the mortgage security thereof was also discharged; and that the defendant *Dora* could not be held for said indebtedness, because she was, and is yet, an infant. This may be a very plausible theory by which, at one stroke of this deadly agreement, the plaintiff has lost his claim and all of the defendants are discharged; but it is as futile, gauzy, and transparent as it is inequitable and unjust. If the plaintiff ever accepted this infant, *Dora*, as his only debtor, and discharged Frederick, he was very simple and easily satisfied; and, if he knew or

intended that he would thereby release and discharge his mortgage, he must have been mentally incompetent to do business for himself. After *Dora* took the conveyance of the mortgaged property in payment of the $1,000 as the whole consideration of the deed, according to the answer, the transaction between her and Frederick was closed, and there was no indebtedness between them, one way or the other. There is no averment in the answer that *Dora* was to pay or assume the $700 to the plaintiff as any part of the consideration of the conveyance, and the deed was not made subject to the mortgage, and *Dora* did not therein assume to pay the debt secured by the mortgage as a part of the consideration or otherwise. The answer sets up no agreement on the part of *Dora* to buy the land of Frederick for $1,700, but only for $1,000, which Frederick owed her. There was therefore no indebtedness by her over to Frederick, and no consideration for her promise to pay the $700 to the plaintiff. Her indebtedness to Frederick was essential to the novation. But perhaps it may be claimed that the answer, by a liberal construction, does aver that the $700 and interest was assumed by *Dora* as a part of the consideration for the deed; but I am unable to find such an averment. Yet the novation fails for want of the essential requisite that there must have been a *valid* claim against *Dora*, and she must have been *bound* to pay the debt. The answer carefully avers that the plaintiff knew or was informed that the appellant, *Dora*, was under twenty-one years of age at the time she so promised, and she now alleges that she was not bound. If not, then the defendant Frederick was not discharged. "There must be the substitution of a new *obligation* for the old one, and the new contract must be a *valid* one upon which the creditor can have his remedy." *Lynch v. Austin*, 51 Wis. 287; *Guichard v. Brande*, 57 Wis. 536; *Hosack v. Rogers*, 8 Paige, 238; *Clark v. Billings*, 59 Ind. 509; *Bronson v. Fitzhugh*, 1 Hill, 186.

It is not claimed that there was any agreement that the mortgage security should be affected in any way, but that it is discharged because the debt was transferred from Frederick to *Dora Werner*. The debt itself was not paid or discharged. In this case it would be preposterous to claim that the plaintiff ever intended to accept the irresponsibility and voidable promise of the infant, *Dora*, in the discharge of all the security as well as the liability there was for the payment of the debt. We cannot put any such construction upon this pretended agreement, or give it any such effect. It would be most unreasonable as well as unjust to do so, and stultify the plaintiff. The court very properly denied the offer of such evidence to defeat the mortgage.

*By the Court.*—The judgment of the superior court is affirmed.