The Koh-i-moor Laundry Company v. Lockwood.

140 Ind. 472, and cases cited; *Gourley* v. *Embree*, 137 Ind. 82.

The appeal is, therefore, dismissed.

Filed May 1, 1895.

———◆———

No. 17,320.

THE KOH-I-MOOR LAUNDRY COMPANY *v.* LOCKWOOD.

CONTRACT.—*Restraint of Trade.—Husband and Wife.—Consideration.— Suretyship.—*L. sold to G. a steam laundry and a dye-house and the appurtenances thereunto belonging, in the city of Evansville, Indiana, and L. and his wife, as parties of the first part, entered into a written agreement with G., as party of the second part, which agreement contained the following covenant: "As a part of the consideration of this sale, the said  *  *  [L. and L., his wife] severally agree and covenant to and with the said  *  *  [G.] that they  *  *  will not, nor will either of them, engage in the laundry business, or in the business of dyeing and cleaning goods, at any place within the corporate limits of the city of Evansville, for the period of ten years from this date."

*Held,* that the wife was a principal in such covenant, and not surety or guarantor that the husband would keep his own personal covenant.

*Held,* also, that there was sufficient consideration to support the contract or undertaking of the wife, although she held no interest in the property sold, and received none of the consideration therefor, all of which was paid to the husband.

*Held,* also, that the wife had full power to enter into such contract.

From the Vanderburg Superior Court.

*A. Gilchrist* and *C. A. DeBruler,* for appellant.

*W. F. Parrett* and *W. M. Blakey,* for appellee.

McCABE, J.—The appellant, a corporation, sued the appellee to enjoin her from carrying on the laundry business in the city of Evansville, which, it is alleged in the complaint, she was doing in violation of a con-

tract executed by her and her husband, and now owned by the appellant, as assignee of William Gavitt, reading as follows:

"This Indenture, made and entered into this 6th day of May, 1891, by and between Charles S. Lockwood and Alice Lockwood, his wife, of the first part, and William Gavitt,

"Witnesseth: That the said Charles S. Lockwood and Alice Lockwood have this day sold, assigned and transferred, and by these presents do sell, assign and transfer to the said William Gavitt, all the machinery, appliances, appurtenances, furniture and material contained in and in connection with the steam laundry of the said Lockwood, situate at Nos. 212 and 214 Locust street, in the city of Evansville, county of Vanderburg, and State of Indiana, including all the office furniture and fixtures, and all the property of every kind and description used in the operation and in connection with the steam laundry, including two (2) horses and (3) three delivery wagons, the trade and good will of said laundry; and, also, all the material, appurtenances, appliances and furniture in and used in and in connection with the operation of the steam dye works of said Charles Lockwood, situate at No. 229 Locust street, in said city of Evansville, and the trade and good will of said steam dye works, in consideration of the sum of ten thousand dollars ($10,000.00) paid and to be paid by the said Gavitt to the said Charles S. Lockwood, as follows, to wit: Twenty-five hundred dollars ($2,500.00) cash, to be paid on or before the 11th day of May, 1891, and for the remainder of said purchase-money the notes of said William Gavitt, to be executed to the said Charles S. Lockwood, with Mackey & Huston as sureties or indorsers on said notes, as follows:   One note for two thousand dollars ($2,000), due nine (9) months after date; one note

for two thousand dollars ($2,000), due eighteen (18) months after date; and one note for thirty-five hundred dollars ($3,500), due two (2) years after date. All of said notes to draw interest from date at the rate of six (6) per centum per annum, and to waive relief from valuation or appraisement laws, and to provide for attorneys' fees. As a part of the consideration of this sale, the said Charles S. Lockwood and Alice Lockwood severally agree and covenant to and with the said William Gavitt, his heirs and assigns, that they, the said Charles S. Lockwood and Alice Lockwood, will not, nor will either of them, engage in the laundry business, or in the business of dyeing or cleaning goods, at any place within the corporate limits of the city of Evansville, for a period of ten (10) years from this date.

"Witness our hands, this 6th day of May, 1891.

"C. S. LOCKWOOD,
"ALICE LOCKWOOD,
"WILLAIAM GAVITT."

It is averred in the complaint that appellee, in engaging in the laundry business in said city in violation of her said covenant, has inflicted, and will, if allowed to continue, inflict irreparable injury and damage to appellant, which can not be estimated or assessed, and that there is no standard by which the said damages can be measured, concluding with a prayer for an injunction.

The court overruled a demurrer to each paragraph of appellee's answer, and sustained a demurrer to appellant's reply thereto, and the appellee had judgment upon demurrer.

These rulings are assigned for error.

The substance of the first paragraph of answer is that appellee was a married woman, and the wife of said Charles S. Lockwood, when she executed said contract, who at the same time signed said instrument; that she

had no interest in the laundry, dye house or any of the property thereby conveyed; that the same was wholly the property of her said husband; that he alone made the contract in reference to its sale and delivery; that the entire consideration moved to him; that she did not receive, and was not to receive, any part of said consideration, and that she only signed said instrument at the solicitation of her said husband, as his wife, as surety for him that he would carry out his contract with plaintiff's assignor; therefore said contract, as to said defendant, was void in law and wholly without consideration.

The other paragraphs of the answer—the second and third—are substantially the same as the first.

It seems to have been supposed by the appellee's learned counsel and the trial court that the contract set out was, as to the appellee, a contract of suretyship, and therefore void under the statute. Burns R. S. 1894, section 6964, R. S. 1881, section 5119.

"A contract of suretyship is a contract whereby one person engages to be answerable for the debt, default or miscarriage of another." Burrill Law Dict., title, Suretyship.

It is not contended that this contract made appellee liable or answerable for any debt of her husband, as it could.not be, because there is no debt of her husband involved in the contract.

The covenant is as follows: "As a part of the consideration of this sale, the said Charles S. Lockwood and Alice Lockwood severally agree and covenant to and with the said William Gavitt * * * that they * * * will not, nor will either of them, engage in the laundry business, or in the business of dyeing and cleaning goods, at any place within the corporate limits of the city of Evansville, for the period of ten years from this date," etc.

It is contended by the appellee that this language made her a guarantor that her husband will not engage in the business mentioned for the period mentioned; and that being a species of suretyship, it falls within the provisions of the statute referred to providing that "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." Burns R. S. 1894, section 6964; R. S. 1881, section 5119. But the covenant purports to bind them severally that they will not, nor will either of them, engage in the business. There is, therefore, a separate covenant of each of them not to engage in the business. If this makes appellee surety or guarantor that her husband will keep his covenant not to engage in such business, a point we need not and do not decide, it does not make her surety or guarantor that she will keep her own separate covenant not to so engage. That is the covenant for the breach of which relief was sought in this suit. She was the principal in that covenant, and not surety or guarantor, though, according to appellee's contention, her husband would be guarantor or surety that she would keep her own separate personal covenant, a point we need not and do not decide. Her right to engage in the business was her own separate personal right, which she owned, and the proceeds and profits accruing from which are her sole and separate property, precisely the same as if she had been unmarried. Burns R. S., sections 6975, 6961, 6962; R. S. 1881, sections 5130, 5116, 5117.

Therefore, when she sold this right for a limited period within a limited territory, she was principal in that contract on one side thereof, and not surety, whether her husband was surety for her or not. Therefore her covenant can not be avoided on account of suretyship.

But it is contended that the answers in question show that there was no consideration for her agreement. This contention is based on the idea that a party to a contract is not bound unless he receives some consideration. This is a mistaken idea of the law of contracts and consideration.

The disability of married women to make contracts, with certain exceptions, has long since been abolished by statute. Burns R. S. 1894, section 6960; R. S. 1881, section 5115. The exceptions relate to her conveyance or incumbrance of her real estate and contracts of suretyship. Burns R. S. 1894, sections 6961, 6964; R. S. 1881, sections 5116, 5119. She therefore had the same power to enter into this contract as if she had been a *feme sole* or a man. But all contracts must have a consideration or they are void.

In *Starr* v. *Earle*, 43 Ind. 478 (479, 480), it was said: "A valid consideration for a promise is of the very essence of a contract, and must exist although the contract be reduced to writing; otherwise the contract is void. Chitty Contracts 26–7. It need not be of benefit to the party making the promise. It must be of some benefit to himself or to a third person, or some injury, loss, or inconvenience to the promisee."

The appellant's assignor, Gavitt, purchased the established business of laundering and the dye works, with the machinery, appliances, appurtenances and property used in connection therewith, the trade and good will, etc., and the agreement of both the seller and the appellee that neither of them would, within ten years from that time, engage in said business within the corporate limits of the city of Evansville. For all this the purchaser agreed to pay $10,000. This consideration was not apportioned to the several items he was to receive,

but was left as an entirety of consideration. A part of what he was to pay his $10,000 for, was the covenant of the appellee that she would not engage in the business within the period and city mentioned. It is true she did not receive any part of that $10,000, but her husband did. Then there was a consideration for her agreement to the extent of $10,000, according to the rule laid down above. Therefore her answers did not state facts sufficient to constitute a defense to appellant's complaint. It is therefore unnecessary to determine whether the reply was good or bad, because if it was good and sufficient to avoid a good answer, it was error to sustain the demurrer thereto, and if insufficient to avoid a good answer it was nevertheless error to sustain the demurrer thereto because a reply can not be so bad that it is not good enough for a bad answer.

The judgment is reversed and the cause remanded, with instructions to sustain the demurrer to each paragraph of the answer, and for further proceedings not inconsistent with this opinion.

Filed May 1, 1895.