## Helvie et al. v. McKain.

[No. 4,672.    Filed February 26, 1904.]

**Bills and Notes.**—*Consideration.*—Defendant, a stockholder in a corporation, together with the other stockholders, executed a note, and, as part of the same transaction, defendant and his wife executed a mortgage on certain land to secure same, and delivered the note to plaintiff who was also a stockholder in the corporation. Plaintiff discounted the note at a bank, and the proceeds thereof passed to the credit of the corporation. Thereafter plaintiff becoming liable to the bank as indorser, paid the note and sought the enforcement thereof under the mortgage. *Held,* that defendants can not be heard to complain on the ground of inadequacy or want of consideration. *pp. 508, 509.*

**Same.**—*Parties to Note.*—*Form of Note.*—*Parol Evidence.*—The mere form of a note does not necessarily determine the relations to the

Helvie *v.* McKain.

note of the parties whose names appear on the note.   The actual relation may be shown by parol evidence.  *p. 510.*

APPEAL AND ERROR.—*Waiver of Error.*—Assignments of error not discussed by counsel are deemed waived.  *p. 510.*

From Delaware Circuit Court; *R. S. Gregory,* Special Judge.

Action by Arthur A. McKain against Charles E. Helvie and others.   From a judgment for plaintiff, defendants appeal.  *Affirmed.*

*J. N. Templer, C. C. Ball* and *E. R. Templer,* for appellants.

*M. W. Hopkins* and *Harold Taylor,* for appellee.

ROBINSON, J.—Suit by appellee upon a note and to foreclose a mortgage.   On December 13, 1899, appellant Helvie and others executed and delivered to appellee a note for $3,000; and, as part of the same transaction, appellant and wife executed to appellee a mortgage on certain land, promising in the mortgage to pay the sum so secured.   Appellant Charles E. Helvie was a stockholder in and president of the Eureka Poterie Company, a corporation, which owed a balance of $3,000 purchase money.   This sum was required to be paid within a few days to save the company from loss of its property by forfeiture, and appellant Helvie had attempted to secure from various sources that sum upon the note of the company, but failed.   On the above date appellant Helvie arranged with appellee for a loan of $3,000 upon appellant's agreeing to secure the payment of the same by mortgage, and, in pursuance of this agreement, the note, signed by appellant Helvie and other officers and stockholders in the company, and the mortgage, were executed.   Appellee accepted the note, and discounted the same at a bank, and the proceeds, $3,000, passed to the credit of the company and was expended by appellant Helvie and other officers of the company in paying the above indebtedness.   Appellee is still the owner of the note and mortgage, both of which were delivered by appellant Hel-

vie to appellee. The furnishing of the $3,000, to be used by appellant for the benefit of the company, by the payment of the indebtedness above mentioned, was the consideration agreed upon for the execution of the note, which consideration appellants received.

The court's conclusions of law upon the foregoing facts were that appellee was entitled to a judgment upon the note and to a decree of foreclosure.

The only questions argued by appellants' counsel are that there was no consideration passed from appellee to appellants, and that the evidence shows that appellee became and was a member of the company and was a maker of the note the same as those who signed it, and that when he paid the amount of the note to the bank he was only entitled to contribution from the other makers.

It is found as a fact that the furnishing of the $3,000 to be used by appellants for the benefit of the company, by the payment of a purchase-money indebtedness, was the consideration agreed upon for the execution of the note by appellants to appellee, and that appellants received the consideration agreed upon. Appellants having voluntarily and without fraud or deception entered into the agreement, and having received all they contracted for, could not be heard to complain on the ground of inadequacy or want of consideration. "The consideration agreed upon," said the court in *Hardesty* v. *Smith,* 3 Ind. 39, "may indefinitely exceed the value of the thing for which it is promised, and still the bargain stand. The doing of an act by one at the request of another, which may be a detriment or inconvenience, however slight, to the party doing it, or may be a benefit, however slight, to the party at whose request it is performed, is a legal consideration for a promise by such requesting party." See *Wolford* v. *Powers,* 85 Ind. 294, 44 Am. Rep. 16; *Mullen* v. *Hawkins,* 141 Ind. 363; *Ditmar* v. *West,* 7 Ind. App. 637.

It is true that the mere form of a note does not necessarily determine the relations to the note of the parties whose names appear on the note, and that the actual relation may be shown by parol evidence. *Lacy* v. *Lofton,* 26 Ind. 324; *Tombler* v. *Reitz,* 134 Ind. 9. But whether appellee was the *bona fide* payee of the note, or was in effect one of the makers of the note, was determined by the court from all the evidence, and there is evidence to support the conclusion reached by the trial court.

There is evidence to support the findings. We find nothing in the record authorizing us to disturb the court's conclusion in this respect. The conclusions of law are clearly right upon the facts as found by the court, and the judgment follows the conclusions of law. Such questions presented by the assignment of errors as are not discussed by counsel in their brief are deemed waived.

Judgment affirmed.