## DRUCKAMILLER *v.* COY.

[No. 6,237. Filed November 17, 1908.]

1. CONTRACTS.—*Indemnity.—Mortgages.*—A mortgage executed by a husband and wife to secure the husband's surety upon his note is an indemnity contract. p. 503.

2. MORTGAGES.—*Indemnity.—Surplus.—Second Mortgages.*—Where a wife joins in the execution of a mortgage to secure her husband's surety upon his note, there being a provision that in case of a sale under foreclosure the mortgagee should pay to her $500, her execution of a second mortgage on such land to secure another sum due from her husband does not, of itself, abrogate such provision for payment in the first mortgage. p. 503.

3. HUSBAND AND WIFE.—*Suretyship.—Contracts.*—A wife's contract of suretyship is void. p. 504.

4. WORDS AND PHRASES. — *Suretyship. — Contracts.* — A contract whereby one person agrees to answer for the debt, default, or miscarriage of another, is one of suretyship. p. 504.

5. CONTRACTS.—*Husband and Wife.—Suretyship.*—Where a married woman joined in her husband's mortgage in consideration of the mortgagee's agreement to pay her $500, and she afterwards joined in the execution of a second mortgage and agreed to cancel such mortgagee's obligation to pay the $500, due under such first mortgage, in consideration that such mortgagee would pay certain of her husband's debts, the latter contract is not one of suretyship, and is enforceable. pp. 504, 506.

6. MORTGAGES.—*Husband and Wife.—Inchoate Rights.—Suretyship.* —The wife may lawfully join her husband in a mortgage on his land for the security of his debts, and such mortgage bars her inchoate rights in such land. p. 504.

7. STATUTES.—*Married Women.—Disabilities.*—Under §7851 Burns 1908, §5115 R. S. 1881, removing the disabilities of married women "except as herein otherwise provided," a married woman can execute any character of contract not specifically forbidden. p. 505.

8. CONTRACTS.—*Suretyship.—Married Women.*—A married woman may contract for property for the use of another, employ an attorney to defend her husband, or other person, or employ a physician, or purchase property for another. p. 505.

9. SAME.—*Consideration.*—Any damage, detriment or loss suffered by the promisee constitutes a sufficient consideration to support a promise made by the promisor. p. 505.

10. PLEADING.—*Answers.—Sustaining Demurrers to Paragraphs Whose Facts are Not Provable Under General Denial.*—The sustaining of a demurrer to sufficient paragraphs of answer constitutes reversible error, where the facts contained therein are not provable under the general denial already pleaded. p. 506.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Action by Jemima Coy against John C. Druckamiller. From a judgment for plaintiff, defendant appeals. *Reversed.*

*L. W. Vail,* for appellant.

*Deahl & Deahl* and *North & Wagner,* for appellee.

HADLEY, J.—Appellee sued appellant upon the following instrument in writing:

"For a valuable consideration I promise to pay to Jemima Coy, at Elkhart county, in the State of Indiana, $500 on the following conditions, to wit: Whereas David Coy and said Jemima Coy have this day executed to John C. Druckamiller a mortgage on sixty acres of land [describing it], to secure said Druckamiller as surety for said David Coy; and whereas it is agreed and understood that said real estate mortgaged is of greater value than necessary to secure said Druckamiller, and in consideration of said Jemima Coy's joining in and signing said mortgage; now, if said Druckamiller, his administrators, executors or assigns, should foreclose said mortgage and sell said real estate on such foreclosure, and the title thereby pass from said Coys, then only shall said Druckamiller be liable for the payment of said amount, and should said mortgage never be foreclosed, and said real estate never be sold on said foreclosure, then no amount shall ever be due on this instrument and this instrument to be without any interest thereon until said real estate is sold as aforesaid; the same is to be without relief from valuation and appraisement laws."

The complaint averred foreclosure of the mortgage and sale thereunder, and the passing of the title of said real estate to appellant. To this complaint appellee answered (1) by general denial; (2) admitting the averments of the complaint as to the execution of the instrument sued on, the foreclosure of the mortgage and sale of the lands, but aver-

ring that at the time of the execution of the mortgage to appellant there was an equity in said lands above the amount of said mortgage sufficient to justify the payment of the $500, as agreed; that afterwards the husband of appellee became indebted in the sum of $515, and, on account of his failure to pay the interest on said indebtedness, was about to be sued thereon, which would have resulted in depriving the family of their goods and chattels, and, at the solicitation and request of appellee and her husband, appellant secured the payment of said indebtedness; that, to induce him so to secure said indebtedness, appellee and her husband joined in a second mortgage to appellant upon the same land covered by the mortgage referred to under said instrument; that, on account of the default of said husband, appellant was obliged to and did pay all of said debts so secured by him, and which were included in both of said mortgages, and that the same have not been repaid to him; that, after his payment of said indebtedness, he brought suit and foreclosed both of said mortgages on said land, and sold the same for $100 less than the amount of his judgment against the husband of appellee; that he has paid more than the amount of appellee's claim in excess of his said first mortgage at appellee's instance and request.

The third paragraph admitted the execution of the contract, but averred that after its execution, for a good and valuable consideration, then amounting to the sum of $515, assumed and subsequently paid by appellant at the request of appellee for and on behalf of her husband, then in life, it was agreed by and between appellee and appellant that said contract sued on should be null and void and be canceled, and appellee at said time for said consideration agreed to destroy the same; that appellant performed his part of said agreement, but that appellee failed to destroy the instrument, as agreed.

The fourth paragraph of answer embodies substantially

the averments of the second and third paragraphs. To the second, third and fourth paragraphs of answer appellee demurred, which demurrer was sustained. Appellant withdrew his first paragraph of general denial and refused to plead further, and judgment was rendered upon the complaint in favor of appellee.

The only question presented by this appeal is upon the rulings of the court in sustaining the demurrer to the answers of appellant. The instrument sued on is clearly an indemnity bond maturing upon the breach of the condition specified therein. In the averments of the second paragraph there is nothing to show that it represented the inchoate interest of the wife, or that the amount secured by the second mortgage, together with that secured by the first and the amount of the instrument sued on, exceeded the value of the land. The averments of the answer are that appellant was induced to secure the second indebtedness by the execution to him of a second mortgage on said land. The execution of this mortgage did not necessarily grant appellant a right adverse to said bond of indemnity. It is true, the second mortgage was executed without any indemnity or limitation; but appellee might well have been induced to sign said second mortgage, relying upon the fact that she had her bond for $500, if she lost the land, and appellant might have been induced to accept said second mortgage as security upon the belief that the value of the land would amply protect him as against the amount of his obligation so assumed, as well as the bond he had executed. For these reasons the second paragraph of answer was insufficient and the demurrer properly sustained.

The third and fourth paragraphs, however, by their averments, present a different question. As the averments of the third are embodied in the fourth, the discussion will relate to the fourth paragraph. By this paragraph it is shown, as a defense to the action, that appellee, to induce

appellant to become the surety for appellee's husband, agreed with appellant to join her husband in said second mortgage, and also to waive and cancel the bond sued on; that appellant, in accordance with said contract, did secure the debts of the husband of appellee, and not only secured them but paid them, fully performing his part of said agreement and asking that she should be required to perform hers.

Against this defense it is urged that such an agreement,, on the part of the appellee, was a surety contract, and within the prohibition of §7855 Burns 1908, §5119 R. S. 1881, which is as follows: "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." Of course, if the contract relied on was a contract of suretyship of any kind or character, it is unenforceable as against appellee, who, at the time it was made, was a married woman. A contract of suretyship is defined to be a contract "whereby one person engages to be answerable for the debt, default or miscarriage of another." 2 Burrill's Law Dict., 500. See, also, *Koh-i-noor Laundry Co.* v. *Lockwood* (1895), 141 Ind. 140.

Measured by this rule, it is evident that the contract between appellee and appellant was not a contract of suretyship. Under it, as alleged, appellee assumed no liability for the debts of her husband. After the contract was executed, whether her husband paid his debts or appellant paid them for him could not affect her separate property. She did not pledge any of her property further than to waive her right to her inchoate interest in her husband's real estate, and this, under our decisions, she had power to do. *Cupp* v. *Campbell* (1885), 103 Ind. 213, and cases cited.

Was it then a contract into which a married woman might enter? By §7851 Burns 1908, §5115 R. S. 1881, it is pro-

vided that "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." This confers a broad, general power on a married woman to make all executory contracts the same as if she were a *feme sole*, except such as are prohibited by the statute. *Arnold* v. *Engleman* (1885), 103 Ind. 512; *Rosa* v. *Prather* (1885), 103 Ind. 191; *McLead* v. *Aetna Life Ins. Co.* (1886), 107 Ind. 394; *Koh-i-noor Laundry Co.* v. *Lockwood, supra.*

The provisions of the statute are those specified in §7855, *supra*, and §7853 Burns 1908, §5117 R. S. 1881, which prohibit appellee from contracting to sell, convey or mortgage, or conveying or mortgaging her real estate unless her husband join in such contract, conveyance or mortgage. She may purchase property for the use of any one; she may employ an attorney to defend her husband, or any other person; or employ a physician or purchase drugs or other property for a third person. *Morningstar* v. *Hardwick* (1892), 3 Ind. App. 431; *Young* v. *McFadden* (1890), 125 Ind. 254, and cases cited.

It is urged that there was no consideration for the agreement set up in the answer to cancel and destroy the bond sued on. It is laid down as a rule that it is a sufficient consideration for an undertaking if, by acting on the faith of such undertaking, there be any damage or detriment to the party to whom the undertaking is given, though no actual benefits accrue to the party making the undertaking. *Hunt* v. *Dederick* (1886), 105 Ind. 555; *Koh-i-noor Laundry Co.* v. *Lockwood, supra.* It being said by an English writer: "The value of all things contracted for is measured by the appetite of the contractors, and therefore the just value is that which they be contented to give." Hobbes, Leviathan, pt. 1, c. 15, as quoted in Pollock, Prin. of Cont. (1st Am. ed.), *158, and in *Wolford* v. *Powers* (1882), 85 Ind. 294, 44 Am. Rep. 16. In the case of *Helvie* v. *McKain* (1904), 32 Ind. App. 507, it is said: "The

doing of an act by one, at the request of another, which may be a detriment or inconvenience, however slight, to the party doing it, or may be a benefit, however slight, to the party at whose request it is performed, is a legal consideration for a promise by such requesting party.''

It appears from the averments of the third and fourth paragraphs of answer that the contract to annul and destroy the bond sued on, in consideration of appellant's entering into a contract of suretyship for appellee's husband, was an independent contract in which the husband did not participate, and in which appellee was the principal. She made the bargain; by her contract she induced appellant to assume obligations to his detriment and loss. He has performed his part of the agreement; she has received all the consideration she expected to receive, and ought, in equity and good conscience, to be compelled to do what she agreed to do. It was not a contract of suretyship, but a contract into which, under the statute, appellee was empowered to enter, and it was founded upon a valid consideration and was enforceable. Each of said paragraphs was a defense to the complaint, and the court erred in sustaining a demurrer thereto. The matters set out in the third and fourth paragraphs of answer were not provable under the general denial, and therefore the rulings thereon were not harmless.

Judgment reversed, with instructions to the lower court to overrule the demurrers to the third and fourth paragraphs of answer.