### Independent Torpedo Company *v.* J. E. Clark Oil Company.

[No. 7,146. Filed June 21, 1911.]

1. New Trial.—*Grounds.*—*Special Findings.*—Questions relating to the special findings in a case cannot properly be made grounds for a new trial. p. 125.

2. Contracts.—*Consideration.*—*Use of Property.*—In an action for the use of an engine, boiler, and drilling machinery, one paragraph of the complaint alleging an agreement by defendant to pay a reasonable compensation for the use of such property, the court finding that defendant had the possession and use thereof for forty-seven days, a sufficient consideration to support the contract is shown. p. 126.

3. Contracts.—*"Use" of Property.*—In an action by plaintiff for the use of its property by defendant, a judgment for the "use" thereof for the time defendant had the possession thereof was proper, though defendant did not actually use the property during the whole of such time. p. 126.

4. Contracts.—*Use of Property.*—*Custom.*—In an action for the use of property for the repair of an oil well after "shooting," the custom of furnishing such property free before "shooting" has no application. p. 126.

5. Contracts.—*Varying by Proof of Custom.*—In an action for the agreed reasonable price of property furnished for use in re-

MAY TERM, 1911. 125

Independent Torpedo Co. *v.* J. E. Clark Oil Co.—48 Ind. App. 124.

pairing an oil well, proof of a custom of furnishing the free use of such property is inadmissible. p. 127.

6. EVIDENCE.—*Inadmissible.—Introduction of.—Objecting to Similar.*—The fact that a party made no objection when its opponent introduced incompetent evidence in the former's favor does not estop such party from objecting to similar incompetent evidence offered against it. p. 127.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by the J. E. Clark Oil Company against the Independent Torpedo Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Orr & Orr, Simmons & Dailey* and *R. D. Wheat,* for appellant.

*Richard H. Hartford,* for appellee.

FELT, P. J.—Appellee, in a complaint of five paragraphs, sued appellant for damages to personal property and for the rental of an engine, boiler, derrick and drilling tools. The court made a special finding of facts, and stated its conclusions of law thereon. The finding was in favor of appellant on the paragraphs seeking to recover damages, and against it on the paragraphs for the use of the property. Judgment was rendered for appellee in the sum of $1,193.88, from which this appeal is taken.

The appellant assigns as error the overruling of its motion for a new trial, which was asked on the grounds that the amount of recovery is excessive, and that the decision of the court is not sustained by sufficient evidence and is contrary to law.

1. Other reasons are stated in the motion that relate to the special finding of facts, but these are not properly a part of the motion for a new trial. *Hamrick* v. *Hoover* (1908), 41 Ind. App. 411; *Scott* v. *Collier* (1906), 166 Ind. 644.

The complaint alleges and the evidence tends to show that appellant undertook to "shoot" a gas well for appellee, and that in so doing a charge of nitroglycerine was

exploded so near to the surface as to blow out about one hundred fifty feet of the casing of the well, and cause other damage; that appellant obtained from appellee the use of its boiler, engine, derrick and drilling tools, to be used in an effort to repair the damage caused by the explosion; that they were so used, and appellant agreed to pay a reasonable compensation therefor.

Appellant contends that there is no consideration moving from appellee in support of its claim and judgment. One paragraph of the complaint alleges an agreement to pay a reasonable compensation for the use of the property and a refusal to comply with that agreement. The court found, and the evidence tends to support the finding, that the use of the property was worth $25 a day, and that appellant had possession and use thereof for forty-seven days. This is sufficient to show a consideration. *Neidefer* v. *Chastain* (1880), 71 Ind. 363, 36 Am. Rep. 198; *Eisel* v. *Hayes* (1895), 141 Ind. 41; *Hunt* v. *Dederick* (1886), 105 Ind. 555; *Starr* v. *Earle* (1873), 43 Ind. 478.

The contention that use must be limited to days of actual service cannot be sustained. The evidence tends to show that appellee was anxious to obtain possession of its property, and certainly it was the duty of appellant to return it when through using it. While appellant retained possession, with the right to use the property, and deprived appellee of both possession and use, it cannot rightfully complain of the court's finding. One definition of the word "use," given by Webster, is, applying to one's service, employment, or conversion to some purpose. See, also, 8 Words and Phrases 7226, 7727.

Some contention is made in regard to the custom of furnishing an engine, boiler, derrick, etc., free to those who "shoot" gas and oil wells, but we fail to see its application here. No claim is made for the use of the property before the premature explosion, and whether, by custom or by agreement, appellant was to have

the free use of the property to "shoot" the well under ordinary conditions, would not control under the extraordinary conditions shown in this case.

Furthermore, there seems to be no ambiguity or uncertainty in the contract alleged and proved. It is a simple agreement to pay a reasonable price for the use of 5. the property. Where the contract is clear and definite in its terms, it will not be varied by a usage or custom. *Leiter* v. *Emmons* (1898), 20 Ind. App. 22; *Louisville, etc., Packet Co.* v. *Rogers* (1898), 20 Ind. App. 594; *Lupton* v. *Nichols* (1902), 28 Ind. App. 539; *Morningstar* v. *Cunningham* (1887), 110 Ind. 328, 333; *Seavey* v. *Shurick* (1887), 110 Ind. 494, 497; *Cole* v. *Leach* (1911), 47 Ind. App. 341; *Hitz* v. *Warner* (1911), 47 Ind. App. 612. Under the issues and facts of this case, the trial court properly excluded the evidence of a custom or usage.

The fact that one of the parties did not object when the other was proving a custom in his favor, did not deprive him of the right to object when further evidence 6. was offered which was prejudicial to him. The evidence tends to support the judgment. There is no available error shown by the record.

Judgment affirmed.