## STARR *v.* EARLE ET AL.

CONTRACT.—*Consideration.*—*Promissory Note.*—The makers of a promissory note mortgaged their personal property to a third person to secure to such person a debt due from the mortgagors, and the mortgagee was placed in possession of the mortgaged property, and was selling the same, to make the amount due, under a power of sale contained in the mortgage, and while so engaged he agreed with the holder of the note made by the mortgagors that if he could save enough out of the mortgaged goods to pay his own debt and the amount of the note, he would pay the note, and as evidence of the agreement he placed his name on the note.

*Held,* that if he failed to realize enough from the sale of the goods to satisfy his own debt, he could not be held liable on the note, there being no consideration to support the execution of the note.

SAME.—To constitute a valid consideration, there must be some benefit to the promisor, or to a third person, or some loss or inconvenience to the promisee.

SAME.—A mere naked promise to pay the already existing debt of another, though in writing, if without a new consideration, is void.

From the Putnam Circuit Court.

*Smiley & Neff,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellees.

OSBORN, J.—This was an action by the appellees against the appellant, Robert Lienberger, and Wallace W. Rogers. The complaint alleges that the defendants on the —— day of December, 1869, executed to the plaintiffs their note for the sum of two hundred and fifty-five dollars and sixty-four cents, payable one day after its date, and that it is unpaid.  The action was commenced on the 5th day of March, 1872.  Process was returned not found, and the cause was continued as to Lienberger and Rogers.  Starr, the appellant, appeared and filed an answer.

The answer alleges that he signed the note under the following circumstances: That the note had been placed in the hands of attorneys for collection; that it had been signed and delivered by his co-defendants to, and accepted by, the plaintiffs more than one year before he signed his name to it; that his co-defendants were indebted to him in the sum of twenty-five hundred dollars, secured by a valid chattel mortgage, executed by them to him upon a stock of goods, which was duly recorded; that he was in possession of the goods, and engaged in selling them, under a power of sale in the mortgage, to make the money due from them to him. Whilst so engaged in disposing of the goods, one of the attorneys of the plaintiffs called upon him and enquired if he could save enough out of the goods, after paying himself and the expense of the sale, to pay the plaintiff's claim; he answered that he thought he could; that if he could, he would apply it in payment of the plaintiff's note. Some time afterward, and before the goods were all sold, the same attorney called upon him again and proposed that he should sign his name to the note, as the plaintiffs were a little restless, and that would show to them that he would carry out his promise to apply the overplus upon the note in good faith; that he did then and there write his name under the names of his co-defendants, and for no other or different consideration whatever. He further alleges that, after disposing of all the goods mortgaged, he did not receive enough to pay his claim by six hundred dollars; that his co-defendants were both wholly insolvent at the time he signed the note and have been ever since.

A demurrer was filed to that answer, on the ground that it did not state facts sufficient to constitute a defence. The demurrer was sustained, to which an exception was taken. The appellant refused to amend, and final judgment was rendered against him for the amount of the note.

The demurrer ought to have been overruled. The facts alleged in the answer were a bar to the action.

A valid consideration for a promise is of the very essence

of a contract, and must exist although the contract be reduced to writing ; otherwise the promise is void. Chitty Contracts, 26–7. It need not be of benefit to the party making the promise. It must be of some benefit to himself or to a third person, or some injury, loss, or inconvenience to the promisee. *Id.* 29. A mere naked promise to pay the already existing debt of another without a new consideration is void. *Leonard* v. *Vredenburgh,* 8 Johns. 29; Chitty Con. 52; Story Con. 356, sec. 433.

The facts stated in the answer show that there was no consideration for the execution of the note by the appellant. The note had been made and accepted by the payees. The appellant had not been in any way connected with it. There was to be no forbearance nor any loss or inconvenience to the payees, in consideration of signing the note. The sole and only consideration for it was to show to the payees that he intended to act in good faith and apply the overplus on the sale of the mortgaged goods to the payment of the note.

. We need not decide, in this case, how far he had authority to sell more of the goods than was sufficient to pay his own debt, or to appropriate the overplus, as his debt was not all paid by the sale of the goods.

The judgment of the said Putnam Circuit Court is reversed, with costs. The cause is remanded, with instructions to overrule the demurrer to the answer, and for further proceedings in accordance with this opinion.