CHARLES ANDERSON<br>
v.<br>
JOHN B. NORVILL.

1. PROMISSORY NOTE—SURETY—SIGNING AFTER DELIVERY.—Where a note has been fully executed and delivered, and, subsequently thereto, a new party signed it as surety, there must be an independent consideration to make it obligatory upon the surety.

2. CONSIDERATION.—It is not necessary, in a consideration for the contract of a surety under these circumstances, that it should be a new consideration, paid to or by either of the parties for such signing, but any benefit accruing to the principal or the surety, or any disadvantage to the payee would be sufficient; or the original consideration for the note may, by proper proof, be shown as sufficient.

3. TWO DEFENSES—INSTRUCTION LIMITED TO ONE.—Where the defend-
ant in an action upon a note, gave proof tending to establish two grounds of
defense, either of which were available, an instruction which narrows his
defense to a single point is erroneous.

APPEAL from the Circuit Court of Morgan county; the
Hon. CYRUS EPLER, Judge, presiding. Opinion filed January
17, 1882.

Mr. M. T. LAYMAN, for appellant; that where only one
defendant appeals, a summons should issue to bring in the
other defendants, cited Stewart v. Peters, 33 Ill. 384.

Where one signs as security after the delivery of a note,
there must be a new consideration for such signing: McHard
v. Ives, 5 Bradwell, 407.

Mr. C. C. TURNER, for appellee.

McCULLOCH, J. This was a suit commenced before a justice
of the peace against appellant and one M. C. Jones, on a
promissory note signed by them. A trial was had before the
justice, which resulted in a judgment against both defendants,
from which Anderson alone took an appeal to the circuit court.
At the next term of the circuit court, after the appeal was
taken, appellant moved for a continuance of the cause, for the
reason, as he alleges, that no summons had been served on his
co-defendant, Jones; whereupon appellee moved the court for
leave to dismiss the suit as to Jones, which motion the court
allowed, and overruled appellant's motion for a continuance.
This action of the court is assigned for error, but, for want of a
proper preservation of the question by bill of exceptions, we
can not notice it.

On the trial in the circuit court, appellant introduced evi-
dence tending to establish two lines of defense: First, that he
was only security on the note, and that the time for payment
thereof had, for a valuable consideration paid by the principal
to the payee, been extended without his consent. Secondly,
that he signed the note as security after it had been signed
and delivered by the principal, and after he had received the
consideration therefor, and that there was no new considera-

tion for his so signing it, wherefore he says that the note as to him is without consideration.

On the part of appellee, the court below, in the third and fifth instructions, directed the jury that if they believed from the evidence that appellant signed the note, they should find for appellee, unless they should further find from the evidence that appellee agreed with Jones, for a valuable consideration, to extend the time of payment without the consent of appellant.

These instructions narrowed appellant's defense to a single point, when his proof tended to show another ground of defense equally available.

The identical point here involved was decided by this court in Cassell v. Morrison, 8 Bradwell, 175, wherein we held, that where a note had been fully executed and delivered, and subsequently thereto a new party signed it as surety, a new or independent consideration was necessary to make it obligatory upon him. We see no reason for holding differently in the present case. The question ought therefore to have been left to the jury to say, whether or not appellant had established this line of his defense by the proofs introduced.

The refusal of the court to give the first instruction asked by appellant is also assigned for error. The proposition of law therein stated is substantially this: that if appellant signed the note after its execution and delivery by the principal maker, and after he had received the consideration therefor, and that no further or new consideration was paid to or by either of the parties for signing it by Anderson, then the note as to him was without consideration. This proposition is too limited. It is not necessary, in order to constitute a sufficient consideration for the contract of a surety under these circumstances, that a new consideration shall be paid to or by either of the parties for such signing, but any benefit accruing to the principal or the surety, or any disadvantage to the payee, would be a sufficient consideration; or, as we intimate in Cassell v. Morrison, *supra*, under certain circumstances the original consideration for the note may, by proper proof, be shown to be a sufficient consideration for the subsequent undertaking of the surety.

But, for the errors indicated in giving the third and fifth instructions for appellee, the judgment will be reversed and the cause remanded.

Reversed and remanded.