No. 9420.

HASSINGER *v.* NEWMAN.

CONTRACT.— *Warranty.—Statute of Frauds.*—An oral warranty, by the holder of a note, that the maker thereof is solvent, made to induce a vendor of personal property to accept the note in payment thereof, is not within the statute of frauds.

SAME.—*Consideration.*—An agreement, in such case, by the vendee to pay the vendor any amount he should fail to collect on the note from the maker, is a promise to answer for the debt or default of another, and within the statute of frauds, and the fact that a new and independent consideration was received for the undertaking does not take it out of the operation of the statute.

From the Noble Circuit Court.

*V. C. Mains* and *A. A. Chapin,* for appellant.

ELLIOTT, J.—The first paragraph of the complaint alleges that the appellant bought of the appellee a horse, and in payment therefor delivered to him a note executed by Milton Brugh; that he then warranted in express words the solvency of the maker, and that he, the maker, had property subject to execution sufficient to pay the note; that appellee relied on the warranty and accepted the note. This paragraph, in appropriate terms, charges a breach of this oral warranty.

It will be observed that the complaint charges an express warranty made as a part of the contract, and for the purpose of securing property from the appellee, and not for the purpose of obtaining credit for the maker of the note. We do not think the case made by this paragraph is within the statute of frauds. It is a count upon an express warranty of solvency, not an undertaking to answer for the debt, default or miscarriage of another. Nor does the complaint charge a representation of the solvency of another for the purpose of obtaining credit for him. The warranty was a part of the contract, and was made for the purpose of obtaining the appellee's property, and is not within the letter or spirit of any of the provisions of the statute. The warranty declared on is in no sense an undertaking for the maker of the note; it is simply a warranty of his financial ability to pay. It is the ability, not the liability, that is warranted. *Huntington* v. *Wellington*, 12 Mich. 10.

The third paragraph of the complaint presents a different question. The allegation is that the appellant agreed that if the maker did not pay the note, he, the appellant, would, and that "he," the appellant, "agreed to pay to plaintiff any amount he should fail to collect on the note from the maker thereof." This contract is clearly within the statute, for it is a promise to answer for the debt or default of another. It is not an original, but a collateral contract. The liability assumed by the appellant was collateral, not immediate or direct. His contract was in legal effect a guaranty that the maker of the note should pay it at maturity.

The fact that the appellant received a new and independent consideration for his undertaking to pay the debt of the maker of the note does not take the case out of the statute.   In discussing this question, it was said by this court, in the case of *Berkshire* v. *Young,* 45 Ind. 461, that " In fact, the averment in the complaint shows that it was nothing more than an unwritten promise to pay the debt of another, for a valuable consideration.   To hold such a promise binding would practically nullify the statute.   Its purpose would be utterly defeated, and the binding force of contracts would depend upon the question of whether they were founded upon a valuable consideration, and not whether they were in writing and signed as the statute requires."   This doctrine is expressly declared and enforced in the case of *Holderbaugh* v. *Turpin,* 75 Ind. 84 (39 Am. R. 124) ; *vide* authorities cited p. 87.

The fourth paragraph of the complaint is substantially the same as the third, and must be deemed bad.

The complaint, we add to prevent any misunderstanding, does not seek a recovery for the value of the property sold to the appellant, but counts solely upon his undertaking to pay the debt of the maker of the note exchanged for it in case of default on his part.   We are not, therefore, called upon to decide whether the fact that the note could not be collected will entitle the appellee to recover the value of the property sold.

For the error in overruling the demurrer to the third and fourth paragraphs of the complaint, the judgment must be reversed.   Judgment reversed.