Parker *v.* Dillingham *et al.*

No. 15,254.

## PARKER *v.* DILLINGHAM ET AL.

STATUTE OF FRAUDS.—*Building Contracts.*—A verbal agreement by the owner of the property to pay the debt of the contractor to the material man, in a case where the owner owes the contractor nothing, is within the statute of frauds, and void, even where by reason of such verbal promise the material man furnished materials to complete the improvements, and forebore to file his lien within the allotted time.

SAME.—*Debt of Another.*—If, however, the owner was indebted to the contractor, his agreement to pay for the materials would in such case be an agreement to pay his own debt to a third person, and not within the statute.

SAME.—*Waiver of Mechanic's Lien.*—Mere forbearance to file a mechanic's lien is no consideration, but if an express agreement is made to waive the right of lien, such waiver constitutes a consideration which will render the owner's promise binding.

MECHANIC'S LIEN.—*Notice of Intention to File.*—Mere knowledge on the part of the owner of the property that the material man is furnishing the material is not sufficient. The material man must take such measures as will warn the owner that the initiatory steps are being taken to acquire a lien to the end that he may secure himself against a double payment for his improvements.

SAME.—*Instructions to Jury.*—*Evidence.*—Where there was no evidence tending to prove that the material man stood in a situation to acquire a lien, it was not error for the court to instruct the jury that they had nothing to do with the question as to whether the material man, on the faith of the promise of the owner to pay the debt, forebore to acquire a lien until it was too late to do so.

From the Marion Superior Court.

*B. F. Witt* and *L. B. Swift,* for appellant.

*S. M. Shepard* and *C. Martindale,* for appellees.

COFFEY, C. J.—This was an action by the appellees against the appellant, in the Marion Superior Court, to recover the value of certain materials used in the construction of buildings erected by the appellant in the city of Indianapolis. The complaint comprises four paragraphs. The first is a common count for materials sold and delivered. The second is upon an account stated. The third paragraph

is upon a verbal agreement to guarantee the payment for goods sold to one Hardee, and alleges part payment, which is relied upon to take the contract out of the statute of frauds. The fourth paragraph alleges, among other things, that in June, 1885, one Hardee, who had a contract with the appellant to build certain houses in the city of Indianapolis, on appellant's real estate, bought of the appellees the lumber and other material, an account of which is set out in the complaint, to be used, and which were used, in the construction of said houses; that he agreed to pay for the same out of the money to be paid him by the appellant for the building of said houses, which appellant knew; that appellees did not credit said Hardee, but intended to rely on the appellant, by taking a lien on the real estate upon which the houses were erected, and accordingly charged said lumber to the appellant; that when said houses were partially erected and before all said lumber and other material were delivered, Hardee failed, and the appellant himself undertook to complete the same; that he promised appellees that if they would furnish him the lumber and material necessary to complete said houses, and give him time, he would pay for all said lumber and material; that, relying on said promise, appellees released said Hardee from all claims, furnished the lumber and material, and gave the time requested, and thereby lost their right to take a lien on said real estate.

The appellees introduced evidence, on the trial of the cause, tending to prove that the appellant agreed with them, in consideration that they would give him a definite time, stipulated between them, that he would pay for the lumber and material furnished to Hardee and used in the construction of the buildings mentioned in the complaint, but there is no evidence in the record tending to prove that there was any agreement between the parties to the effect that the appellees should not take a material man's lien on the buildings for the material furnished and used by Hardee in the construction of the buildings erected by him for the appel-

lant, nor is there any proof tending to show that the appellees had taken any of the steps necessary to secure a lien.

The court instructed the jury as follows:

"*Seventh.* The plaintiffs claim, and have introduced some evidence in support of such claim, that, relying on the alleged promise of the defendant to pay them, they forebore to acquire a lien on the houses built by Hardee until the time for taking one had expired. Whether this is so or not is a question with which, under the issues and evidence in this cause, you have nothing to do, and you will not consider it nor the evidence in relation to it."

The court also refused to give the jury, on behalf of the appellees, the following instructions:

" 1. If you find from a preponderance of the evidence that the plaintiffs furnished the materials set forth in the bill of particulars filed with the complaint, to be used, and the same were used in constructing the houses of the defendant, and that plaintiffs might have taken a mechanic's lien upon the houses of the defendant for the same, and that plaintiffs intended to do so, and that before the time within which plaintiffs might have filed their mechanic's lien expired defendant promised to pay for such materials, if plaintiffs would give him a certain length of time, that plaintiffs did give him said time as requested, and that by so doing plaintiffs lost their right to take a lien upon defendant's houses, then you should find for the plaintiffs.

" 2. If a person furnish to a contractor materials which are used to improve the property of another, and for which he may have a mechanic's lien on the property, and if, during the time within which he might give notice to the property-owner and perfect his lien upon the property, the owner verbally promises that he will pay for said materials, if said person furnishing the same will give him time, and if said person furnishing the materials gives said owner the time requested, and thereby loses his right to perfect a lien on

Parker v. Dillingham et al.

the said property, said promise is binding on the said property-owner, and he is liable to pay for said materials."

The jury returned a verdict for the defendant, the appellant here, upon which the court, over a motion for a new trial, rendered judgment.

Upon appeal to the general term of the superior court, the judgment at special term was reversed on account of giving the instruction above set out, and on account of the refusal of the court to give the two instructions asked by the appellees, as above set forth. From the judgment of the general term reversing the judgment rendered at special term, this appeal is prosecuted.

Assuming that the agreement was made, as contended by the appellees, the appellant contends that such agreement is within the statute of frauds, and is not binding, while appellees contend that the agreement is not within the statute.

Section 4904, R. S. 1881, provides that no action shall be brought to charge any person, upon any special promise, to answer for the debt, default or miscarriage of another, unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized.

The instructions asked by the appellees assume that the debt in controversy was the debt of Hardee, and not the debt of the appellant.

In the adjudicated cases upon the question here presented all the authorities to which our attention has been called agree that there is a " distressing conflict " of opinion. But out of the numerous decisions relating to the construction of this statute, the rule has been firmly established that a promise to pay the debt of another is not within the statute, if its consideration was the abandonment of the provision of a security for the payment of the debt, consisting of a

lien upon or interest in property, to which the promisor then had a subordinate title. A promise based upon such a consideration is held to be an original promise. *Crawford* v. *King,* 54 Ind. 6 ; *Spooner* v. *Dunn,* 7 Ind. 81 ; *Luark* v. *Malone,* 34 Ind. 444 ; *Bott* v. *Barr,* 95 Ind. 243.

It is claimed by the appellees that this case falls within that rule. It is to be observed, however, that the instructions asked by the appellees assume that there was an absence of any agreement to release or waive a lien, and are drawn upon the theory that the promise of the appellant to pay the debt of Hardee, in consideration of the extension of the time for its payment, followed by an omission to take a lien, was sufficient to take the case out of the statute. There was no agreement on the part of the appellees not to file a material man's lien, and the taking of such lien would not have been a violation of their agreement with the appellant, as his promise was made in consideration of the time given for the payment of the debt. Nor was there any agreement to release Hardee, or to extend the time of payment as to him. The appellant's liability under his agreement could not be increased by the omission of the appellees to do a thing not prohibited by the agreement, and for this reason we are unable to perceive how the failure to take a lien upon the appellant's property can have any effect upon the rights of the parties to this suit. We do not think the case falls within the rule above stated.

Stripped of all questions relating to the right of the appellees to take a lien upon the property of the appellant, the promise of the appellant is clearly within the statute. *Berkshire* v. *Young,* 45 Ind. 461.

If, then, the appellant is bound by the promise, assumed by the instructions to exist, it must be upon the ground that the appellees had a right to take a lien upon his property, and that it was for that reason, in a sense, his debt.

It is not a case where the owner of the building is indebted to the contractor and agrees to pay such debt to the mate-

rial man, for in that case he would only be agreeing to pay his own debt to a third party, but it is a case in which he is agreeing to pay the debt of the contractor to the material man, where he owes the contractor nothing.

Without deciding the question as to whether a promise of the kind under consideration would bind the owner of the building where it was shown that the material man stood in a situation to enforce a lien, it is sufficient to say that the evidence in this cause wholly fails to show that the appellees here stood in that situation.

By the provisions of section 1692, Elliott's Supplement, in force at the time the transaction here involved occurred, it was necessary that the appellees, before they could acquire a lien on the appellant's property, should notify him at or before the time they furnished the material, that they were furnishing the same. Mere knowledge on the part of the appellant that the appellees were furnishing the material was not sufficient. It was incumbent on them to take such measures as would warn the appellant that the initiatory steps were being taken to acquire a lien, to the end that he might secure himself against a double payment for his improvements. *Neeley* v. *Searight*, 113 Ind. 316 ; *Caylor* v. *Thorn*, 125 Ind. 201. This, so far as the evidence in the cause shows, the appellees wholly failed to do. For this reason the instructions asked by the appellees were not applicable to the case made by the evidence in the cause, and the court for that reason, if for no other, we think, properly refused them.

As there was no evidence in the cause tending to prove that the appellees stood in a situation to acquire a lien on the property of the appellant, it was not error for the court to say to the jury that they had nothing to do with the question as to whether appellees, on the faith of the promise of the appellant to pay the debt, forebore to acquire a lien until it was too late to do so. No such question was presented, by the evidence, for their consideration.

In our opinion the superior court, in general term, erred in reversing the judgment at special term, upon the grounds above stated.

Judgment reversed, with directions to proceed in accordance with this opinion.

