No. 1,292.

## BRANT *v.* BARNETT ET AL.

DEFENSE.—*By one Maker of a Note.*—*When Inures to Benefit of all Defendants.*—*No Right to Recover at all.*—If one of the persons who executed a note establish a defense which would defeat plaintiff's right *to recover at all*, such defense inures to the benefit of all the other defendants, whether they individually made such defense or not.

PROMISSORY NOTE.—*Surety Signing After the Incurring of the Original Obligation, and Without New Consideration.*—A party who signs a note as surety, after the incurring of the original obligation, without any new or distinct consideration passing therefor, is not liable.

VERDICT.—*Sufficiency of Evidence.*—That the evidence is sufficient to sustain the verdict, see opinion.

From the Clinton Circuit Court.

*J. Strawn* and *J. P. Gray*, for appellant.

*J. C. Farber*, for appellees.

Ross, J.—This action was brought by the appellant, Charles W. Brant, against the appellees, Margaret S. Barnett and Laura E. Burgett, on a promissory note dated October 20, 1893, calling for $92.85, and due one day after date. The appellees answered separately. After the issues were joined there was a trial by jury, and a verdict returned in favor of the appellees, upon which, after the court's overruling a motion for a new trial filed by appellant, judgment was rendered in favor of appellees.

Counsel admit that the judgment as to the appellee, Margaret S. Barnett, is right, hence we need not consider any of the rulings of the court below which relate to her defense.

The errors urged on this appeal all arise under the ruling of the court on the motion for a new trial.

Among the instructions given by the court was one

given at the request of the appellee Burgett, wherein the jury were instructed that, "Where two or more persons are sued, and they answer the complaint separately, and one makes a defense which if sustained will defeat the entire right of recovery, the rule of law is that if the separate answer by one of several defendants goes to the merits of the case, and is such that proof of it will defeat a recovery by the plaintiff, it will inure to the benefit of the other defendants."

Counsel insist that this instruction is erroneous because they say the jury were misled by it; that the jury were told by the court that if the appellee Barnett established her defense of coverture and suretyship, the appellee Burgett was entitled to the benefit of that defense, and no recovery could be had against her. We think counsel are mistaken in the construction placed by them on the instruction. The court did not tell the jury that if the appellee Barnett at the time she signed the note was a married woman, and executed it as surety for the maker, that would release the appellee Burgett from liability, but the court simply told them that if one of the persons who executed the note established a defense which would defeat appellant's right to recover at all, such defense inured to the benefit of all the other defendants, whether they individually made such defense or not. The instruction states the law correctly. *Stapp, Admr.*, v. *Davis, Admr.*, 78 Ind. 128; *Moyer* v. *Brand*, 102 Ind. 301. For if the appellant had no cause of action he was not entitled to recover.

If counsel considered that the instruction was indefinite or couched in such language that it might not, as they thought, be readily grasped and understood by the jury, they should have asked the court to instruct the jury more fully on that question. Having failed to apply

to the court below for relief, this court has nothing to review.

The objection to the fourth instruction, considering it with reference to the evidence given, and in conjunction with the other instructions given, is also untenable. By many decisions of this court and of the Supreme Court, it has been held that where a note has been executed by the principal, a party signing it as surety, at a time subsequent to the incurring of the original obligation, without any new or distinct consideration passing therefor, is not liable. *Owens* v. *Tague*, 3 Ind. App. 245, and cases cited. True, as counsel contend, the new consideration need not pass to the surety, but that there must be a new and original consideration for the new contract, can not be doubted. Instruction number one, given at the request of appellant, and instruction number five of those given at the request of the appellee, we think, removed any seeming uncertainty in instruction number four.

The court committed no error in refusing to give instructions numbered two, three, and four, of those asked by appellant. The substance, or at least all that stated the law correctly, was embodied in those given, and to have given these would have had a tendency to mistify rather than enlighten the jury.

It is next urged that the evidence is insufficient to sustain the verdict as to the appellee Burgett. There is no conflict in the evidence upon the material questions in issue. As heretofore stated, counsel for appellant admit that the defense of coverture and suretyship pleaded by the appellee Barnett was established by the evidence, hence, as to her, the motion for a new trial should not prevail. But they insist that such defense is a personal one, of which no one could take advantage except Mar-

garet S. Barnett, and that it having been established. did not inure to the benefit of her codefendant.

Counsel for appellees, however, insist that the obligation sued on is void as to the appellee Barnett; that being void as to one of the parties, is void as to all. We think counsel misuse the word void in this connection. The obligation sued on is not void as to the appellee Barnett, but merely voidable. It became inoperative as to her only upon invoking the defense of coverture, which is a defense personal to herself. It could not be pleaded by the appellee Burgett, and although it released the appellee Barnett from liability, it did not release her codefendant.

The real issue in the case under which appellee Burgett sought to escape liability, was that the obligation sued on was given without any consideration. Upon this question we think the evidence shows ample consideration. True, there was nothing paid by appellant, either to the debtor or the appellees, as a consideration for the new note, but he did surrender the obligation which he then held against the debtor James W. Barnett and the appellee Laura E. Burgett. If it is not necessary that the consideration benefit either the debtor or the appellees, but if it was a loss, injury, or even an inconvenience to the payee, it would be sufficient. *Starr* v. *Earle*, 43 Ind. 478.

We think the verdict as to the appellee Laura E. Burgett is not sustained by sufficient evidence, and, as to her, the court should have granted a new trial.

Judgment affirmed as to the appellee Margaret S. Barnett, and reversed as to the appellee Laura E. Burgett, with instructions to grant a new trial as to her.

Filed Oct. 18, 1894.