EVERLEY *v.* EQUITABLE SURETY COMPANY.

[No. 23,925.    Filed March 15, 1921.]

1. FRAUDS, STATUTE OF.—*Contractor's Bond.—Applicability of Statute.*—A contractor's bond, conditioned for the faithful performance of the contract, is "a special promise to answer for the debt or default of another," within §7462 Burns 1914, §4904 R. S. 1881, requiring such a contract to be in writing.    p. 276.

2. PRINCIPAL AND SURETY.—*Contractor's Bond.—Surety for Hire.—Liability.—Strict Construction.*—A contractor's bond is to be strictly construed against a surety who became such for hire, but the mere fact that a consideration was paid to the surety does not bind it beyond the terms of the contract as so construed.    p. 276.

3. PRINCIPAL AND SURETY.—*Contractor's Bond.—Provisions Required to be in Writing.—Parol Waiver.—Parol Evidence.*—Where a contractor's bond required written notice of default at the home office of the surety and that suit to recover on any claim under the bond be instituted within twelve months after the first breach of the contract, the surety could, by its conduct and statements, waive such conditions, and the facts constituting such waiver, as well as the waiver itself, could be established by parol evidence, although the bond was a promise to answer for the debt or default of another within §7462 Burns 1914, §4904 R. S. 1881, requiring such a contract to be in writing.    p. 279.

4. FRAUDS, STATUTE OF.—*Contract to Answer for Default of Another.—Collateral Agreements Operative only on Accrual of Liability.—Applicability of Statute.*—Section 7462 Burns 1914, §4904 R. S. 1881, requiring a contract "to charge any person upon any special promise to answer for the debt, default or miscarriage of another" to be in writing, does not cover a collateral agreement of the other party to such a contract which cannot become operative until the liability to pay the debt of another has matured by his default.    p. 280.

5. FRAUDS, STATUTE OF.—*Contract Required to be in Writing.—Collateral Agreements.—Parol Modification.—Statute.*—Section 7462 Burns 1914, §4904 R. S. 1881, requiring a contract "to charge any person upon any special promise to answer for the debt, default or miscarriage of another" to be in writing, does not forbid the parties, after liability under such a contract has matured and become fixed, to enter into parol agreements modifying or waiving the terms of collateral undertakings with relation to giving notice of default and bringing suit within a specified time.    (Wainright Trust Co. v. U. S.

Fidelity, etc., Co. [1916], 63 Ind. App. 309, disapproved in part.) pp. 280, 281.

6. FRAUDS, STATUTE OF.—*Contract Within Statute.—Waiver of Stipulations.—Estoppel to Deny Liability.*—One who has become liable to an action under a contract within the Statute of Frauds can waive stipulations in his own favor, or estop himself to deny liability, because of a failure of the other party to perform conditions as to what should be done after liability had accrued, the same as if the principal contract were not within the Statute of Frauds. p. 280.

7. ESTOPPEL.—*Estoppel by Conduct.*—A person tacitly encouraging an act to be done cannot afterwards exercise his legal right in opposition to such consent if his conduct or acts of encouragement induced the other party to change his position so that he will be peculiarly prejudiced by the assertion of such adversary claim; and such rule applies to the waiver of conditions tending to bar an action for breach of a contract within the Statute of Frauds. p. 280.

From Marion Superior Court (101,960); *Linn D. Hay,* Judge.

Action by William Everly against the Equitable Surety Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565, §10.) *Reversed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.

*Major A. Downing,* for appellee.

EWBANK, J.—This was an action on a bond purporting to be signed by S. A. Jolly as principal, and the appellee as surety, conditioned for the faithful performance by "said principal" of his contract with appellant for the construction of the brick portion of a certain township school building, for the erection of which appellant was the general contractor. The contract to which the bond related contained a provision that upon the refusal, neglect, or failure of the brick contractor to perform his agreements, the employment might be terminated by appellant, who might thereupon finish

the work and have the same audited and certified by the architect, which should be conclusive upon the parties. And it bound the brick contractor to complete certain work by August 1, 1914, fully and completely for $2,500. The evidence established without dispute that there was a breach of the contract, in that S. A. Jolly abandoned the work and left the state, and that, with the knowledge and upon the oral consent and oral direction of appellee's local representative, reported by him to the appellee company, the appellant completed the work undertaken by Jolly at an expense greater than the contract price, and also that appellant sustained some loss on account of the delay.

Such a bond, conditioned for the performance by the principal therein of a building contract into which he has entered and for which he remains primarily 1. liable, is clearly a "special promise to answer for the debt or default of another," within §7462 Burns 1914, §4904 R. S. 1881, and must be in writing. *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 104, 87 N. E. 976, 27 L. R. A. (N. S.) 573; *Parker* v. *Dillingham* (1891), 129 Ind. 542, 29 N. E. 23.

Such a contract is to be strictly construed against a surety who became such for hire. *American Surety Co.* v. *Pangburn* (1914), 182 Ind. 116, 120, 105 N. 2. E. 769, Ann. Cas. 1916E 1126. But the mere fact that a consideration was paid to the surety does not bind such surety beyond the terms of his contract, as so construed. *Hassinger* v. *Newman* (1882), 83 Ind. 124, 126, 43 Am. Rep. 64; *Berkshire* v. *Young* (1874), 45 Ind. 461, 466; *Holderbaugh* v. *Turpin* (1881), 75 Ind. 84, 86, 87, 39 Am. Rep. 124.

The bond sued on also contained the following stipulations:

"Provided, however, and upon the following express conditions, the performance of each of which

shall be conditions precedent to the right of recovery hereunder: · *  *  *

Second.   That in the event of any default on the part of the principal, a written statement of the particular facts showing such default, and the date thereof, shall be delivered to the surety in writing, at its office in the city of St. Louis, promptly, and in any event within ten days after the obligee or his representative shall learn of such default *  *  *  .

Fourth.  *  *  *  and that the obligation of the surety is, and shall be construed as one of suretyship only.  *  *  *

Sixth.   That any suits at law or proceedings in equity brought on this bond to recover any claim hereunder must be instituted within twelve months after the first breach of said contract."

The complaint alleged certain facts relied on as constituting a waiver of the conditions requiring a notice in writing, and that suit must be brought within twelve months, and offered evidence that oral notice was given to appellee's local representative the day that the breach of the contract was discovered, and that a personal inquiry was made by him, and that statements of appellant's loss were given by him to appellee's representative, and that he wrote the facts and sent the statements to appellee, at its home office, in answer to which the president of the appellee corporation and others of its representatives were sent by appellee to Indianapolis and had oral interviews with appellant concerning what he should do about completing the building, and what adjustment appellee would make of his claim on the bond; that immediately after the brick contractor abandoned the work appellee's local representative, who held a power of attorney to represent it, on being informed by appellant that the work must be completed to avoid a heavy loss, told appellant to protect everybody's interest and do what he could, and talked to appellant repeatedly while appellant was com-

pleting the work, promising an adjustment, and it was testified, without contradiction, that several months after the work was completed a representative of appellee was negotiating with appellant and telling him that he expected to get the matter adjusted, and that when the son of the president of appellee company came to' Indianapolis the matter was put up to him, and that the work of completing the building was finished January 1, 1915. There was much other evidence, as set out in narrative form in the briefs.

Appellant asserts in general terms that the evidence fully established the alleged waiver of the conditions as to giving notice in writing at the home office, and as to bringing suit within twelve months. And appellee does not point out wherein the evidence on those points was insufficient, nor suggest any ground for holding that there was not sufficient evidence, except only the single ground that the evidence tending to prove such waiver was oral. And thereupon appellee urges that "provisions of a written contract, required to be in writing by the statute of frauds, cannot be shown by parol evidence to have been waived."

The record discloses that after the trial was concluded the court held the case under advisement thirty-eight days, and then made a finding and rendered judgment in favor of appellant for $1,635.45, but on a later day of the same term set that judgment aside, and, after holding the case under advisement four months longer, found in favor of appellee, and that the trial was held only two weeks after the decision was announced in *Wainright Trust Co.* v. *U. S. Fidelity, etc., Co.* (1916), 63 Ind. App. 309, 114 N. E. 470, while the finding and judgment were set aside not long after the opinion in that case was published. In that case the Appellate Court of Indiana held that an oral waiver of a condition relative to bringing suit contained in such a bond as

the one sued on was not binding, because the bond, conditioned to answer for the debt or default of another, was required by the Statute of Frauds (§7462 Burns 1914, §4904 R. S. 1881) to be in writing.

We think it a fair inference under the circumstances that the parol evidence established the waivers relied on to the satisfaction of the trial court, and that the decision appealed from is based upon an assumption that the conditions above set out could only be waived by a writing executed as provided by the Statute of Frauds; and appellee must be regarded as admitting that, if the alleged waivers could be sufficiently proved by parol evidence, they were established as alleged.

The question for decision, then, is whether or not, where a contract in writing to answer for the debt or default of another, contains stipulations binding

3. the obligee, after a default shall have occurred, to do certain acts for the benefit of the obligor, in the way of giving him notice in a form stated, and at a time and place stated, and bringing suit within a time limited, or not at all, such conditions can be waived by parol? In other words, where the appellee, in binding itself to appellant, as surety for the performance by S. A. Jolly of his contract with appellant, stipulated that in case of a default the appellant, after the default should have occurred, must give appellee notice in writing at its home office in St. Louis and bring its action within one year, could the appellee, by its conduct and statements, effectually waive such conditions? And could the facts constituting such waiver, and the waiver itself, be established by parol evidence? These questions we think must be answered in the affirmative.

A contract "to charge any person upon any special promise to answer for the debt, default or miscarriage of another" must be "in writing, and signed by the party to be charged therewith." §7462 Burns 1914, *supra*.

But the statute does not cover a collateral agreement of the other party to such contract which cannot become operative until the liability to pay the debt of another has matured by his default. And it does not at all forbid the parties, after liability under such a contract has matured and become fixed, to enter into parol agreements modifying or waiving the terms of such collateral undertakings with relation to giving notice of the default and bringing suit.

One who has become liable to an action upon a contract within the Statute of Frauds can waive stipulations in his own favor, or estop himself to deny liability because of a failure of the other party to perform conditions as to what should be done after liability had accrued, the same as if the principal contract were not within the Statute of Frauds. 25 R. C. L. 711, §356.

"Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position, so that he will be pecuniarily prejudiced by the assertion of such adversary claim." And this rule applies to the waiver of conditions tending to bar an action for breach of a contract within the Statute of Frauds, as well as in other cases. *Swain* v. *Seamens* (1869), 9 Wall. (76 U. S.) 254, 19 L. Ed. 544.

After appellant's right of action upon the bond had matured by default of the brick contractor, and appellee, through its local representative and by means of his written report to appellee, had knowledge of the fact, it was competent for appellee to discharge its liability at once, without awaiting the expiration of the ten days allowed for sending it a written notice, or of the year allowed for bringing suit. And nothing in the Statute of Frauds prevented it from thereafter making oral

agreements with the appellant as to the terms and conditions upon which it would discharge such liability, and thereby waiving stipulations for the giving of notice and bringing suit after default, as contained in the original contract.

So much of the case of *Wainright Trust Co.* v. *U. S. Fidelity, etc., Co., supra,* as holds that a waiver of the provision in such a bond as the one sued on, limiting the time within which suit must be brought, is not binding upon the surety company unless in writing, even though made after breach of the principal condition of the bond is disapproved.

The judgment is reversed, and the cause is remanded with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Townsend, J., absent.