### DETROIT FIDELITY AND SURETY COMPANY

#### *v.* RICKEY ET AL.

[No. 13,217.    Filed February 23, 1929.    Rehearing denied May 14, 1929.    Transfer denied May 18, 1933.]

*Young & Linder, George M. Barnard, Raymond L. Walker, Edward E. Gates, Frederick Van Nuys,* and *Julian C. Ralston,* for appellant.

*Frederick E. Matson, Solon J. Carter, James A. Ross, Robert D. McCord, Adolph Schreiber, Austin V. Clifford,* and *Edward B. Raub, Jr.,* for appellee.

REMY, J.—On August 6, 1923, Frey entered into a written contract for the construction of a stucco apartment building, to be completed on or about October 1, 1923, contractors to furnish and "pay for" all labor and materials, keep the real estate on which the building was located "free from all liens for labor and materials," and were to receive $22,920, one-third when the building was ready for plastering, one-third when plastered, and one-third when the building was completed, "providing satisfactory evidence and affidavits are given that there are not, and cannot be, any liens or claims for any labor or materials furnished in the performance of the contract." It was also provided in the contract that Frey was to have power to make alterations in the building plans, without abrogating the contract; the method of arriving at the amount to be paid to the contractors because of the changes being set forth as a part of the contract. It was further provided that alterations in the work to be done, or any extensions for performance of the contract, would not release the contractors or their surety, notice to the surety being waived. A few days after the contract was executed,

and after the work on the building had been commenced, the parties orally agreed to modify the contract, in this, that brick veneer was to be substituted for stucco, for which Frey was to pay an additional specified sum. The contractors sublet the plastering to Rickey and Chalfant, appellees herein, who were to, and did, do the work and furnish all materials. They were to receive $2,360.69, no part of which has been paid, and is a claim for which appellees were entitled to a lien on the real estate on which the building is located. In the late fall of 1923, before the building had been completed, and before the labor and material used in the construction thereof had been paid for, the contractors desired and requested payment to them of the balance to become due them on completion of the building, and in order to induce Frey to pay same, they delivered to Frey on December 1, 1923, a bond for $24,570 executed by themselves as principals, and appellant Detroit Fidelity and Surety Company as surety. The bond contained the following preliminary clause: "Whereas, the principal has, by means of a written agreement dated August 2, 1923, entered into a contract with the owner for erection and completion of a six apartment brick veneer apartment building, etc." The conditions of the bond obligation were that "the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal or with any subcontractor for labor or materials"; and the bond also provided that it was "executed waiving, and with full knowledge of, the provision of the contract between

the owner herein and the principal herein providing that before the balance due is paid to the principal the principal shall furnish to the owner evidence and an affidavit showing that all bills and claims on account of said construction have been paid, and with the knowledge that as yet all bills and claims have not been paid, and with the understanding and agreement that the owner may without such evidence or affidavit at once pay to principal the balance due under said contract. Provided, however, that no suit shall be brought on this bond after three months from the day on which the final payment under the contract falls due. And provided, that any alterations which may be made in the terms of the contract, or in the work to be done under it, or the giving by the owner of any extension of time for performance of the contract . . . shall not in any way release the principal or the surety. . . . Notice to the surety of any such alterations, extension or forbearance being hereby waived." On December 5, 1923, upon receiving the bond executed by appellant as surety, and in reliance thereon, Frey paid to the contractors the balance of the contract price, to wit, $7,455.25.

The building was never completed by the contractors, and appellees' claim for the plastering not having been paid, appellees, August 27, 1926, commenced this action against appellant surety company on the bond. The complaint was in the usual form in such cases. A demurrer to the complaint for want of sufficient facts having been overruled, an answer in five paragraphs was filed, the first being a denial. The fourth paragraph set up that the action had not been begun within the time limit fixed in the bond for the commencement of actions on the bond. A demurrer to this paragraph was sustained.

At the trial, the court, upon request of appellant,

found the facts specially, and stated its conclusions thereon in favor of appellees. The facts found are substantially as above stated. On the findings the court rendered judgment for appellees, for the full amount of their claim, including interest.

Exceptions to the conclusions of law present the only questions which will require consideration in this opinion. Two propositions are advanced by appellant: (1) That by reason of the alteration of the original specifications for the building, whereby brick instead of stucco should be used as a building material, appellant surety company was released from liability on its bond insuring performance of the building contract, the bond having been executed after the alteration had been agreed upon, and without consideration; (2) that the action when commenced was barred by the provision of the bond limiting actions thereon to three months after "the final payment under the contract falls due."

A discussion of the latter proposition is unnecessary, for the reason that the same question was fully discussed, and determined adversely to appellant's contention, in *Detroit Fidelity & Surety Co.* v. *Frey,* ante 696, in which this court had under consideration the same bond and the same building contract.

In support of the first proposition, appellant points out that, under the facts found by the court, the building contract did not provide for a bond, that no bond was given at the time of its execution, and that the bond in suit was not, in fact, given until the building was near completion. From these facts it is argued that the bond was given to secure performance of a contract which had been altered, and was therefore without consideration, and invalid as an obligation to pay appellees' claim for labor and material. We do not concur in that view.

It appears that the building contract called for the construction of a stucco apartment building, power being given to Frey to make alterations in the building plans without abrogating the contract, the method of arriving at the amount to be paid to the contractors because of changes having been provided for in the contract. After the contract was executed and the work of the building begun, the plans of the building were changed by the parties in accordance with the terms of the contract; brick was substituted for stucco. The extra cost as agreed to in accordance with the provisions of the contract with reference to changes was approximately $2,000, which increased the contract price of the building to $24,570, which was the amount of the bond. It also appears that the preliminary clause of the bond referred to the building as a "brick veneer" apartment building. With these findings, which are supported by the evidence, appellant cannot be heard to say that its representatives believed, and had reason to believe, at the time the bond was executed, that it was securing the performance of a contract for a stucco building. If, however, there were any doubt as to the bond covering the modified contract calling for brick veneer, it is dispelled by the well settled principle that a surety bond executed by a surety for profit, which is open to two constructions, will be construed most favorably to the person intended to be protected. *Everly* v. *Equitable Surety Co.* (1921), 190 Ind. 274, 130 N. E. 227.

The obvious purpose of the bond, as shown by the facts found, was to induce payment by Frey of the balance on the contract price before the same was actually due under the terms of the contract. The final third of the contract price for the building was not actually due until the building was "completely finished," and not then unless "satisfactory evi-

dence and affidavits" showing that there was not, and could not be, "any liens or claims for labor and material furnished in the performance of the contract." Clearly, it was an advantage to the contractors to receive payment at once without having to furnish evidence and affidavits as provided by the building contract, as it was a detriment to Frey, and was therefore ample consideration for the bond. *Brant* v. *Barnett* (1894), 10 Ind. App. 653, 656, 38 N. E. 421; *Starr* v. *Earl* (1873), 43 Ind. 479; *Peck* v. *Harris* (1894), 57 Mo. App. 467; *Anderson* v. *Norvill* (1881), 10 Ill. App. 240; *Kissire* v. *Plunkett-Jarrell Grocery Co.* (1912), 103 Ark. 473, 478, 145 S. W. 567; *Bank of Carrollton* v. *Latting* (1913), 37 Okla. 8, 130 Pac. 144, 44 L. R. A. (N. S.) 484.

Affirmed.